558 P.2d 729

**STATE of Arizona, Appellee,**

v.

**Badie Zell PRITCHETT, Appellant.**

**Nos. 1 CA–CR 1723, 1 CA–CR 2037–PR.**

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 23, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

JACOBSON, Judge.

Appellant, Badie Zell Pritchett, was charged by information with the commission of a rape in Chandler, Arizona, on June 6, 1975. During the trial a plea bargain was reached in which appellant pleaded guilty to aggravated battery, open-end. The superior court accepted the plea and designated the offense a felony. Pritchett filed a timely appeal from his one to five year sentence to the Arizona State Prison. The appeal was stayed pending the disposition of appellant's petition for post-conviction relief. After an evidentiary hearing the superior court denied relief and a motion for rehearing. The appeal and petition for review were consolidated and are treated together herein as the issues raised are identical.

On appeal, Pritchett contends:

(1) that his guilty plea must be set aside because the record does not show that it was voluntarily and knowingly made, and

(2) that his honest but mistaken belief that he would receive a sentence of probation upon his plea of guilty rendered the plea involuntary.

The superior court in the evidentiary hearing on the petition for post-conviction relief found, *inter alia*:

(a) that appellant's attorney fully explained all the sentencing ramifications to the defendant prior to the change of plea;

(b) that appellant was not promised that he would get probation or a small jail sentence, as alleged, if he changed his plea, and

(c) that partially due to his lawyer's advice, appellant believed that he would get probation if he changed his plea.

The trial court's findings will not be disturbed on appeal absent clear and manifest error. *See State v. Turner*, 112 Ariz. 350, 541 P.2d 1152 (1975). There is ample evidence to support the trial court's findings and we accept them as true.

■ Appellant's belief that his plea was invalidated by the trial court's omission to

inquire whether any promises or threats were made to obtain the plea, and whether all promises and inducements made were embodied in the plea, is ill-founded. The findings show that appellant had not received any promises to induce his plea; the record is devoid of any facts or allegations to suggest that appellant was the victim of force or threats. During the plea proceedings appellant was advised of the range and extent of the sentence. Additionally, the record reflects the following:

"THE COURT: Now, a plea is only valid if it is voluntarily made.
"THE DEFENDANT: Yes.

"THE COURT: It is not lawful if anyone is bringing any force to bear against you to make you enter a plea. You understand that?
"THE DEFENDANT: Yes, sir.

"THE COURT: Similarly, it would not be lawful if anyone said to you, 'Mr. Pritchett, if you plead guilty, I am sure the Court will be more lenient with you.' Do you understand that?
"THE DEFENDANT: Yes.

"THE COURT: Is it correct then, sir, if you enter a plea of guilty to this charge, it would be your own free and voluntary act?
"THE DEFENDANT: Yes, Sir."

To require, in the face of this record and without specific allegations of force, threats, or promises, the trial court to parrot the wording of Rule 17.3, Rules of Criminal Procedure, 17 A.R.S., is to exalt form over substance, an exercise we will not engage in. A.R.S.Const. Art. 6, § 27; *See also State v. Mendiola,* 23 Ariz.App. 251, 532 P.2d 193, *aff'd,* 112 Ariz. 165, 540 P.2d 131 (1975); *State v. Rodriguez,* 112 Ariz. 193, 540 P.2d 665 (1975). The trial court adequately complied with Rule 17.3 under the facts of this case.

Appellant's honest misunderstanding that he would receive probation upon entry of his plea is an insufficient ground to render his plea involuntary. A defendant's mistaken subjective impressions gained from discussions with his lawyer, absent substantial objective evidence showing such impressions to be reasonably justified, do not constitute sufficient grounds upon which to set aside his guilty plea. *United States ex rel. Curtis v. Zelker,* 466 F.2d 1092 (2nd Cir. 1972).[1] Here the findings and the record show that Pritchett's counsel repeatedly explained all the sentencing possibilities to him prior to the plea. Likewise, appellant signed the plea agreement which contains the possible range of sentences. Appellant admits being informed by the trial court of the possible sentences that could be imposed. In view of all these several factors we cannot say that appellant's contradicted account of what his counsel told him about a possible sentence constitutes substantial objective evidence and sufficient grounds to justify setting aside the conviction.

The judgment of conviction and sentence are affirmed; the relief sought in the petition for review is denied.

FROEB, P. J., and HAIRE, Chief Judge, Division 1, concurring.

1. *See also United States v. Maggio,* 514 F.2d 80 (5th Cir.), *cert. denied,* 423 U.S. 1032, 96 S.Ct. 563, 46 L.Ed.2d 405 (1975); *Masciola v. United States,* 469 F.2d 1057 (3rd Cir. 1972); *Wellnitz v. Page,* 420 F.2d 935 (10th Cir. 1970); *Vanater v. Boles,* 377 F.2d 898 (4th Cir. 1967).