669 P.2d 121
**STATE of Arizona, Respondent-Appellee,**

v.

**Lorren Roland LEMIEUX,
Petitioner-Appellant.**

**Nos. 1 CA–CR 5926, 1 CA–CR 6277–PR.**

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 9, 1983.

**144**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel Crim. Div., Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Thomas E. Collins, Maricopa County Atty. by Patricia Scott, Deputy County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for petitioner-appellant.

## OPINION

HAIRE, Presiding Judge.

In this consolidated appeal and petition for review of the trial court's denial of relief sought in a petition for post-conviction relief, petitioner-appellant (hereinafter appellant) asserts:

1. that his pleas of guilty were not knowingly, voluntarily and intelligently entered because of his mistaken belief that probation was a viable sentencing alternative; and

2. that the trial court erred in failing to grant appellant an evidentiary hearing concerning his belief that probation was a viable sentencing alternative.

The record in this case reveals that appellant's pleas of guilty were knowingly, voluntarily and intelligently entered, and that appellant presented no colorable claim for relief which would entitle him to an evidentiary hearing pursuant to Rule 32.8, Rules of Criminal Procedure, 17 A.R.S. We therefore affirm the judgments and sentences and deny relief.

Appellant was charged by indictment in August 1980 with two counts of unlawful sale of a narcotic drug, a class two felony, and four counts of unlawful sale of marijuana, a class two felony. In November 1981, appellant entered a plea of guilty to one count of attempted sale of a narcotic drug, a class three felony, and one count of attempted sale of marijuana, a class three felony. The plea agreement stipulated that appellant "will be sentenced to the presumptive term of 5 years in the Arizona State Prison and will be sentenced to concurrent terms." In exchange for appellant's plea of guilty to the two charges, the state agreed to dismiss the remaining counts of the indictment.

At the hearing on appellant's change of plea, appellant admitted the elements of the offenses to which he pled guilty and indicated that there had been no promises, threats or force which resulted in his plea of guilty. The following colloquy between the appellant and the court then occurred:

"Q. Have there been any promises of what type of sentence or any promise that you will get probation, other than *what's stated on this plea agreement?*

"A. No.

"Q. The range of penalties that this crime carries is a presumptive sentence of

five years, a minimum sentence of 3.75 years, a maximum sentence of ten years. Probation is available.

The maximum fine that can be imposed is $150,000 plus a 27% surcharge.

You understand that as a term and condition of probation you could get up to one year in the Maricopa County Jail.

*However the plea agreement does provide for a presumptive term of five years in the Arizona State Prison, concurrent terms.*

*You understand that that's the range and that's what you're going to get?*
"A. Yes, your Honor."

(Emphasis added.)

In January 1982, the trial court accepted the plea agreement, entered judgments of guilt, and sentenced appellant to serve concurrent terms of five years on each of the two counts. The court also dismissed the remaining counts. Two weeks later, appellant filed a notice of appeal. ┌

During a hearing on appellant's motion for release pending appeal, the following exchange occurred between the trial court, appellant, and defense counsel:

"THE COURT: You may proceed.

"THE DEFENDANT: Thank you, your Honor. First, I'd like to say that when I was in for sentencing I clammed up when—when you asked me if there was anything I had to say. My mind just went blank. There are a few things that I'd like to say in my behalf.

That in the two years since these charges occurred, that I, on my own, straightened my life up, got a job, went back to work, raised my two kids, and was doing very well. And I'm just asking for mercy on my own behalf, because I've tried so hard to straighten myself up.

"THE COURT: I appreciate that.

"MR. SMITH: [Defense Counsel] Your Honor, Mr. Lemieux has advised me that—in the hallway today—that he showed me a copy of the plea agreement that he did sign, and that I said that—he informed me he really didn't fully understand the agreement, even though it calls for a stipulated five year sentence.

He apparently was somewhat confused by the language in the plea agreement, which said probation is available. When in fact it was a stipulated five years—five year sentence.

And that he entered into that plea agreement believing that the court could impose or could place him on probation, if it so chose.

Is that correct?

"THE DEFENDANT: That's correct."

Appellant contends that the quoted exchange indicates that he did not understand the plea agreement because he believed that probation was a viable sentencing alternative at the time he entered his plea. In April 1982, appellant filed a petition for post-conviction relief pursuant to Rule 32.1, Rules of Criminal Procedure, 17 A.R.S., seeking to withdraw his guilty plea on the same basis. He also requested that the trial court grant an evidentiary hearing pursuant to Rule 32.8. Counsel was appointed to represent appellant, and in May 1982, the trial court summarily denied the petition for post-conviction relief. Appellant then filed a motion for rehearing arguing that he had presented a colorable claim and was entitled to an evidentiary hearing. Following the state's reply, the court denied the motion for rehearing, and appellant timely filed a petition for review.

By order of this court, the appeal in this matter was stayed pending the trial court's disposition of the petition for post-conviction relief. The appeal was then reinstated and consolidated with the petition for review for disposition.

### THE PLEA

■ Appellant first contends that his guilty plea was not knowingly, voluntarily and intelligently entered due to his mistaken belief that probation was a viable sentencing alternative. He contends that there are several objective bases in the record to support his position.

According to appellant, the first of these bases is the written plea agreement itself which, in the first paragraph, states, "Pro-

bation is available." Paragraph 8 of the plea agreement also provides:

"The parties hereto fully and completely understand and agree that it is the court's duty to impose sentence upon the defendant and that any sentence either stipulated to or recommended herein in paragraph two is not binding upon the court, and that the court need not accept either the stipulation or recommendation but is bound only by the limits set forth in paragraph one and the applicable statutes."

Appellant argues that read together, these provisions left him with the impression that the stipulated five year sentence term was merely a recommendation and that the court could still impose probation. He also contends that the trial court's statements to him at the time he entered his plea led him to believe that probation was a viable sentencing alternative. Finally, he contends that his remarks to the trial court at the hearing on his motion for release pending appeal indicate that he believed probation was available.

He concludes, therefore, that his plea is invalid because it was entered under a misapprehension of the sentencing alternatives. See State v. Geiger, 113 Ariz. 297, 552 P.2d 1191 (1976); State v. Hill, 118 Ariz. 157, 575 P.2d 356 (App.1978); State v. Davis, 115 Ariz. 153, 564 P.2d 104 (App.1977). Appellant requests this court to remand this matter to the trial court with directions to allow him to withdraw his guilty plea. The record in this matter clearly belies appellant's contention that he was under a misapprehension that probation was a viable sentencing alternative.

First, paragraph 2 of the plea agreement specifically provided that the parties stipulate that appellant will be sentenced to the presumptive term of five years on each of the two counts in the Arizona State Prison and that the terms will run concurrently. Appellant not only indicated verbally to the trial court that he had read and understood the terms of his plea agreement, but he also initialed the box next to paragraph 2 thus indicating that he read and approved the

paragraph. Further, the trial court clearly advised appellant that he would be sentenced to the presumptive term of five years in the Arizona State Prison, the sentences to run concurrently. Appellant indicated that he understood that he would receive the stipulated term.

■ Therefore, when the entire record is considered, there is no reasonable support for appellant's contention that he believed that probation was a viable sentencing alternative. However, even if he honestly believed that he could receive probation when he entered his plea, that belief is an insufficient ground to render his plea involuntary. State v. Pritchett, 27 Ariz.App. 701, 558 P.2d 729 (1976). Faced with an identical claim, this court stated in Pritchett that "[a] defendant's mistaken subjective impressions gained from discussions with his lawyer, absent substantial objective evidence showing such impressions to be reasonably justified, do not constitute sufficient grounds upon which to set aside his guilty plea." 27 Ariz.App. at 703, 558 P.2d at 731. Without substantial objective evidence reasonably justifying appellant's impression that probation was a viable sentencing alternative, we find that he has failed to establish that his plea was not voluntarily, knowingly and intelligently entered.

■ Although under the circumstances of this case, appellant's misapprehension was not reasonable, we find that the language used in paragraph 8 of the standardized form plea agreement could be objectively misleading. Especially when considered out of context, paragraph 8 suggests that notwithstanding a stipulated sentence, the trial judge could impose any sentence falling within the statutorily mandated range, including probation.

Paragraph 7 indicates that if the court regards the stipulated sentence as inappropriate it can reject the plea, giving the state and defendant an opportunity to withdraw from the plea agreement. See Rule 17.4(e), Rules of Criminal Procedure, 17 A.R.S. Nevertheless, the plea agreement form does not clearly relate the withdrawal procedure

noted in paragraph 7 to the sentencing discretion given the trial court noted in paragraph 8. Neither paragraph refers to the other. Paragraph 8, by itself, suggests that the trial court has absolute discretion to deviate from a stipulated sentence. To the contrary, that discretion is limited since the trial court must allow each party to withdraw from the plea agreement if the court finds the stipulated sentence inappropriate. We believe this limitation should appear as part of paragraph 8 to clearly delineate the extent of discretion in sentencing that the trial judge actually has. Although the comments of the trial judge at the change of plea hearing in this case clearly informed the appellant of the sentence to be imposed, we cannot presume adequate explanations will occur at all such proceedings.

### EVIDENTIARY HEARING

▮ Appellant next contends that the trial court erred in failing to conduct an evidentiary hearing pursuant to Rule 32.8, Rules of Criminal Procedure, 17 A.R.S. which states that a petitioner "shall be entitled to a hearing to determine issues of material fact." Rule 32.6(c) provides that the trial court may summarily dispose of a petition for post-conviction relief if, upon reviewing the pleadings, "it determines that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings." The comment to this rule notes that the trial court may dismiss a petition for post-conviction relief when "it finds from the pleadings and record that all of the petitioner's claims are frivolous and that it would not be beneficial to continue the proceedings." The comment also states that the trial court is required to hold an evidentiary hearing if it "finds any colorable claim." "To be colorable, a claim has to have the appearance of validity, i.e., if the defendant's allegations are taken as true, would they change the verdict?" *State v. Richmond,* 114 Ariz. 186, 194, 560 P.2d 41, 49 (1976), *cert. denied,* 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1101 (1977). Appellant's claim that he believed that probation was a viable sentencing alternative, even if taken as true, would not entitle him to relief because the record reveals that such a belief would not be reasonably justified. Accordingly, we find that the trial court did not err in dismissing the petition for post-conviction relief without conducting an evidentiary hearing pursuant to Rule 32.8.

For the foregoing reasons, the judgments and sentences are affirmed; review is granted and relief is denied.

EUBANK and MEYERSON, JJ., concur.