835 P.2d 477

**STATE of Arizona, Appellee,**

v.

**Raul Francisco DIAZ, Appellant.**

**No. 1 CA–CR 90–926.**

Court of Appeals of Arizona,
Division 1, Department B.

March 24, 1992.

Review Granted Sept. 15, 1992.

---

Grant Woods, Atty. Gen. by Barbara M. McLaughlin, Asst. Atty. Gen., Crim. Appeals Section, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

LANKFORD, Judge.

The question presented in this appeal is whether a defendant is entitled to withdraw his plea of guilty when he is sentenced to punishment for a felony offense despite a plea agreement which provides for sentencing as an "undesignated" offense pursuant to Ariz.Rev.Stat. (A.R.S.) § 13–702(H).

### I.

A complaint was filed charging appellant Raul Francisco Diaz (defendant) with possession of marijuana, a class 6 felony. His criminal record includes prior felony convic-

tions. The defendant and the state entered into a plea agreement in which he agreed to plead guilty to a charge of "Possession of marijuana, F–6 (open)." The state also agreed to neither allege nor prove that defendant had been convicted of any prior felonies.

The state's brief on appeal treats this reference to "F–6 (open)" in the written plea agreement as meaning an "undesignated offense" under A.R.S. § 13–702(H)[1]. That subsection permits a sentencing judge to depart from the usual statutory sentencing provisions governing convictions for non-dangerous, non-repetitive class 6 felonies. Under A.R.S. § 13–702(H), if the sentencing judge is of the opinion that it would be unduly harsh to sentence the defendant for a felony at that time, the judge may (1) reduce the conviction to a class 1 misdemeanor and make disposition accordingly, or (2) place the defendant on probation and defer designation of the offense as a felony or misdemeanor until the probation is terminated. However, the statute provides that its alternative sentencing options are not available when the class 6 felony involves the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument, or when the crime was committed by a defendant who has previously been convicted of two or more felonies.

At the time set for defendant's sentencing, the judge recognized that the charge in this case had been "pled out as a class six undesignated offense" and that he could thus consider the dispositional alternatives under the statute. However, the judge decided that "under the circumstances" the offense should be immediately designated as a felony; he declined to defer designa-tion of the offense to a later date as permitted by § 13–702(H). He then placed defendant on probation for a term of three years, conditioned upon one year of incarceration in the Maricopa County jail.

Upon being advised of the judge's intention, defendant objected to the immediate designation of the offense as a felony and requested that he be permitted to withdraw his guilty plea. He urged that the plea agreement, by providing for a plea of guilty to an "open" class 6 felony, was not merely an agreement by the state permitting the sentencing judge to *consider* the charge as *eligible* for disposition as an "open" offense. Rather, defendant argued that the state had promised him one of the two more favorable alternative dispositions set forth in § 13–702(H).

The sentencing judge rejected this argument, stating that the plea agreement assured defendant only of a possibility that the charge would be left "open." The judge concluded that although the plea agreement expressly provided that "in the court's discretion" the matter could be designated a class 1 misdemeanor, nothing in the agreement guaranteed that defendant was entitled to have the offense remain undesignated pending successful completion of probation. The judge therefore denied the defendant's motion to withdraw his guilty plea.

## II.

Without question, Rule 17.4(e) of the Arizona Rules of Criminal Procedure requires the trial court to permit a defendant to withdraw his guilty plea if the court rejects the sentencing provision of the plea agreement. *See State v. DeNi-*

1. A.R.S. § 13–702(H) provides, in part: "Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemean-or and make disposition accordingly or may place the defendant on probation in accordance with chapter 9 of this title and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor. The provisions of this subsection shall not apply to any person who stands convicted of a class 6 felony and who has previously been convicted of two or more felonies...."

*stor*, 143 Ariz. 407, 694 P.2d 237 (1985). The defendant is also entitled to withdraw his plea if he presents objective evidence in support of a claim that he mistakenly believed that the terms of the plea agreement were more lenient than the sentence selected by the judge. *See State v. Lemieux*, 137 Ariz. 143, 669 P.2d 121 (App.1983).[2]

■ The issue presented here is whether objective evidence supports defendant's claim that he thought he had bargained for "undesignated offense" status and not merely for the trial judge's consideration of the possibility of such status.[3]

In our opinion, the objective evidence which supports defendant's position is found in the statute and in the ambiguity of the plea agreement. It is at best unclear whether the plea agreement was intended merely to make defendant eligible for sentencing consideration under A.R.S. § 13–702(H), or was intended to grant defendant undesignated status under that statute. Because the record fails to show that a "meeting of the minds" of the state and defendant occurred, the defendant should be allowed to withdraw his plea. *See State v. Pyeatt*, 135 Ariz. 141, 659 P.2d 1286 (App.1982).

We first consider whether the statute is consistent with the defendant's understanding of the plea agreement. Section 13–702(H) creates a three step process for sentencing: an eligibility determination, a discretionary decision, and disposition. The first step requires a factual determination by the judge. Under the statute, the defendant is eligible for consideration if: the offense is a class 6 felony; the offense did not involve a knowing infliction of serious injury; the offense did not involve the use of a deadly weapon or dangerous instrument; and the defendant has not been previously convicted of two or more felonies. If these factual prerequisites are not met, then the court need not proceed under § 13–702(H) because the defendant does not qualify for the favorable sentencing provision of that statute.

If the sentencing judge decides that defendant is eligible, he or she proceeds to the next step, which involves a discretionary decision. The judge has the discretion to determine that "it would be unduly harsh to sentence the defendant for a felony." If the court does not make such a finding, then it need not proceed further: the offense remains a class 6 felony, the offense for which the defendant has already been adjudged guilty, and the judge may sentence the defendant accordingly.

If on the other hand the court finds that felony punishment would be unduly harsh, then it proceeds to the disposition step. In

---

**2.** The dissenting opinion contends that the defendant should obtain relief only by filing a petition for postconviction relief pursuant to Rule 32, Ariz.R.Crim.P. However, similar claims have been considered by this court on direct appeal. *See State v. Pyeatt*, 135 Ariz. 141, 659 P.2d 1286 (App.1982); *see also State v. Lemieux*, 137 Ariz. 143, 669 P.2d 121 (App.1983) (consolidated direct appeal and Rule 32 review; court treating issue as properly raised on direct appeal but denying relief). *Cf. State v. Pritchett*, 27 Ariz.App. 701, 558 P.2d 729 (1976) (consolidated appeal and Rule 32 review; court resolving issue under Rule 32 review).

We also note that the superior court could have taken evidence prior to sentencing the defendant if that would have clarified the parties' intentions. *See State v. Pyeatt*, supra. A Rule 32 proceeding is thus not the only means of developing a record in a case of this type.

Finally, requiring a defendant to await a Rule 32 review has the obvious disadvantage of subjecting him to conviction and incarceration pursuant to a plea agreement that may not have been a valid bargain. We see no reason to delay relief when the immediate remedy is an order by the superior court permitting the withdrawal of the guilty plea and, if no such order is granted, a direct appeal.

**3.** The dissent argues that there is no evidence of the defendant's understanding of the plea agreement. However, the defendant's counsel relayed to the trial court that the defendant's understanding of the plea bargain differed from the court's, and advised the court of the precise difference. That is enough to raise the question of whether a meeting of the minds occurred and trigger the crucial inquiry of whether any objective evidence supports the defendant's understanding. The court had little more in *State v. Lemieux*, in which defense counsel reported the misunderstanding to the court and defendant— not under oath—simply confirmed that the attorney's statement was correct. 137 Ariz. at 145, 669 P.2d at 123. *Cf. State v. Pyeatt, supra* (court analyzed ambiguity of plea agreement and did not expressly rely on any testimony by defendant of subjective misunderstanding).

this phase, the court has only two options: it may "enter judgment of conviction for a class 1 misdemeanor" and sentence defendant accordingly, or it may "place the defendant on probation ... and *refrain from designating the offense* as a felony or misdemeanor until the probation is terminated." A.R.S. § 13–702(H) (emphasis added).[4]

Thus, the statutory reference to an undesignated offense appears to relate only to the option open to the judge at the disposition stage. As a result, the defendant in this case reasonably regarded the promise of undesignated status to require that the offense remain undesignated until probation terminated.

This is a distinction of decisive significance in this case. If an undesignated offense is one merely *eligible* for consideration for more lenient treatment, the defendant bargained for no more than an exercise of the trial judge's sound discretion. The statute reveals that this is not the only reasonable interpretation of the plea agreement. The defendant finds support in the statute for his belief that he bargained for the judge to "refrain from designating the offense." Although a judge may decline to sentence defendant in accord with a plea agreement, exercising his or her statutory discretion that it would not be "unduly harsh" to immediately designate the crime as a felony, that outcome is inconsistent with the sentence defendant reasonably believed he was assured by the plea bargain. A defendant is entitled to withdraw his plea and proceed to trial when the judge does not agree to sentence defendant in accordance with the plea agreement. *See* Rule 17.4(e), Ariz.R.Crim. P.

Despite ambiguity in the plea agreement about the nature of the parties' bargain, the agreement itself also provides some support for defendant's claim that he mis-

understood the agreement. Having agreed that the prior felonies would neither be alleged nor proved by the state, the parties had no need to *bargain* as well for the mere *possibility* of sentencing under § 13–702(H). After the matter of prior felony convictions was removed, the defendant met the eligibility requirement of this statute.[5] An eligible defendant is entitled to the *possibility* of the more favorable sentencing whether or not the state specifically bargains for the judge to consider it. The Legislature has declared the conditions for sentencing under § 13–702(H), and this defendant qualified for such sentencing by meeting those conditions after the prosecutor waived the allegation of prior felonies. The Legislature has not granted the prosecutor the power to withhold the benefits of this legislation to a qualifying defendant as a plea bargaining tool.

If it is not already apparent to the trial judge that a defendant qualifies for consideration under the statute, then defense counsel can simply point out the availability of § 13–702(H) sentencing. It is unnecessary and superfluous for the state to promise in the plea agreement that such sentencing is available.

Yet the parties did bargain. They did more than agree that the matter of prior felonies would not be pursued: they also agreed that the offense would be treated as an "open" offense. Defendant may have justifiably believed that the parties' reference to an "open" offense had meaning only if it referred to something more than that to which he was entitled even without such a provision. Because an agreement referring to the mere possibility of favorable sentencing would be superfluous, a defendant might believe that the agreement must refer to the favorable disposition itself. In other words, the defendant reasonably could have thought that

---

4. The dissent relies upon the fact that the plea agreement expressly acknowledged that the sentencing judge had the discretion to designate the offense a *misdemeanor*. That does not, however, establish that the defendant understood that the trial judge could do exactly the opposite: sentence the defendant to the felony punishment.

5. The defendant clearly met the other statutory conditions for favorable sentencing consideration under § 13–702(H). The offense of possession of marijuana is a class 6 felony and qualifies on that ground. The offense is obviously not one of those which the statute disqualifies from consideration: i.e., it does not involve serious physical injury or a weapon.

the state's promise represented some benefit to him. The parties could have agreed only that defendant would plead guilty to a class 6 felony and that the state would waive any allegation of prior felonies. The very fact that an additional term was agreed upon, i.e., that one term of the plea agreement was for an "open" offense rather than for a simple class 6 felony, reasonably suggests that defendant was to receive something of benefit through the agreement—something he would not have received absent a plea agreement.

The dissent argues that the statute and the plea agreement are consistent with the superior court's ruling. While one can certainly construct a persuasive argument that it is reasonable to so interpret them, that does not alter the fact that they may also be reasonably interpreted another way. Unless some other evidence of the parties' intent is presented to clarify that conflict, the ambiguity precludes enforcement of a "bargain" that may not even exist.

An ambiguous plea agreement, interpreted in a way to materially disadvantage the defendant, cannot be enforced. "[I]f it appears that there was no 'meeting of the minds' on [a concurrent versus consecutive sentencing] issue, the [defendant] should be given the opportunity to withdraw his plea." *State v. Pyeatt*, 135 Ariz. at 144, 659 P.2d at 1289 (App.1982). *See also State v. Williams*, 128 Ariz. 415, 626 P.2d 145 (App.1981) (defendant's agreement to waive credit for pre-sentence incarceration not sufficiently shown; sentence modified).

Although permitting withdrawal of a plea is discretionary, it should be allowed whenever "necessary to correct a manifest injustice." Rule 17.5, Ariz.R.Crim.P. Under this standard, "a motion to withdraw a plea should be liberally exercised in favor of permitting withdrawal where there is any showing justice will be served thereby." *State v. Anderson*, 147 Ariz. 346, 351, 710 P.2d 456, 460 (1985).

Although the trial judge's sentencing discretion cannot be confined by plea agreements, the judge must as a matter of basic fairness permit withdrawal when he or she chooses to impose a sentence of greater severity than that agreed to by defendant. The judge should also permit withdrawal when it appears that the defendant's plea was not knowing, intelligent and voluntary. It is impossible to say that a defendant's plea was knowing and intelligent when he was unaware of the punishment to which he would be subjected by pleading guilty. A plea is knowing and intelligent only when the nature and consequences of his guilty plea have been brought home to the defendant. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Our supreme court clearly explained this requirement in *State v. Cutler*, 121 Ariz. 328, 590 P.2d 444 (1979). "For a plea to be intelligently made, a defendant must thoroughly understand its consequences.... Moreover, in order for a plea to be deemed voluntary, the defendant must be ... apprised of the range of sentence that he could face and of the rights he will forfeit.... Therefore, if the defendant does not have a proper understanding of what can happen as a result of his plea, it is not voluntarily made and is void." 121 Ariz. at 329–30, 590 P.2d at 445–46 (citations omitted).

The obligation is upon the trial court and counsel to ensure that the defendant is informed of all the material consequences of his plea. *State v. Darling*, 109 Ariz. 148, 506 P.2d 1042 (1973). Rule 17.2 reflects the federal constitutional mandate by requiring a record that demonstrates a valid waiver of constitutional rights. The rule provides:

Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

(a) The nature of the charge to which the plea is offered;

(b) The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole or commutation imposed by statute;

(c) The constitutional rights which he forgoes by pleading guilty or no contest, including his right to counsel if he is not represented by counsel; and

(d) His right to plead not guilty.

■ The burden is not on the defendant to obtain clarification of the punishment. The correct inquiry is whether the defendant was clearly informed that, under his guilty plea, his offense could be treated immediately as a felony and he could be sentenced to a term of imprisonment. The trial court and counsel are obligated to ensure that there is no confusion about whether the defendant has the information that *Boykin* requires that he know before a guilty plea is accepted. *State v. Darling*, 109 Ariz. at 152, 506 P.2d 1042.

Under the circumstances, it was an abuse of discretion to refuse to permit the defendant to withdraw his plea. Given that opportunity, defendant might consent to the sentence imposed by the trial judge. Alternatively, he might withdraw the plea and either enter into a new plea agreement with the State or proceed to trial and face the risk of more severe penalties applicable to those convicted of class 6 felonies with prior convictions.

The sentence is therefore vacated, the case is remanded, and the superior court is directed to permit defendant to withdraw his plea if he still so desires.

McGREGOR, P.J., concurs.

LEVI RAY HAIRE, Judge, retired, dissenting:

The majority, by making several assumptions supported by neither the record nor the actual plea agreement in this case, have needlessly complicated a rather simple appeal, and, as a result, have arrived at the erroneous decision that the judgment of conviction and the sentence imposed by the trial judge must be reversed.

The majority states the issue on appeal as being "whether a defendant in entitled to withdraw his plea of guilty when he is sentenced to punishment for a felony offense *despite a plea agreement which provides for sentencing as an undesignated offense* pursuant to Ariz.Rev.Stat. (A.R.S.) § 13–702(H)." (Emphasis added.) Simply put, the majority's statement of the issue completely misstates the contents of the plea agreement in this case. If the plea agreement had provided for *sentencing* "as an 'undesignated' offense," I would not be writing this dissent, since it clearly would have been erroneous for the trial judge to violate such a provision by sentencing the defendant for a designated offense. Rather, the actual language of the plea agreement merely provides that the defendant will plead guilty to "Possession of Marijuana, F–6 (open)...." [6]

This provision merely relates to defendant's status at the time of conviction and until sentencing. In accordance with the plea agreement, the conviction for the class 6 felony was "open", and defendant was eligible for sentencing for an "open" offense pursuant to A.R.S. § 13–702(H). Such an "open" status does not automatically equate to a requirement for "undesignated" status after sentence is imposed. Rather, by the terms of the statute, status after sentence is imposed is left to the discretion of the sentencing judge.

Under A.R.S. § 13–702(H), the judge is given three options. His initial option is to merely sentence a defendant for a class 6 felony. However, if the sentencing judge is of the opinion that it would be unduly harsh to sentence the defendant for a class 6 felony at that time, two other options become available to the judge. The judge may reduce the conviction to a class 1 misdemeanor and make disposition accordingly, or place the defendant on probation and defer designation of the offense as a felony or misdemeanor until probation is

---

**6.** In the plea agreement, the state agreed not to allege and prove the defendant's four prior felony convictions for sentence enhancement purposes. Through this provision and by allowing the defendant to plead to an "open" class 6 felony, the defendant ensured that the prior convictions not only could not be used for sentence enhancement purposes pursuant to A.R.S. § 13–604, but also that the state would not be able to use these prior convictions to defeat defendant's eligibility for "open" conviction status.

terminated. The majority concludes that the provision in the plea agreement which allowed the defendant to plead guilty to an "open" charge thereby making him eligible for the three sentencing options authorized by the statute, somehow also took away the judge's discretion to choose among those options.

Was there any language in the plea agreement that controls or even indicates that the judge's sentencing options for the defendant's "open" class 6 felony conviction were restricted to one and only one, that of "[placing] the defendant on probation ... and [refraining] from designating the offense as a felony or misdemeanor until the probation was terminated"? Contrary to the majority's statement of the issue, there is no language in the plea agreement that "provides for sentencing as an 'undesignated' offense." In fact, the only language in the plea agreement relating to sentencing definitely indicates that the trial judge's discretion was not to be so limited. A handwritten insertion relating to sentencing in the plea agreement provides:

> "In the court's discretion, this offense can be designated a class one misdemeanor. If such designation is made, the maximum sentence is 6 months in jail + $2,500 fine + 37% surcharge. If probation is granted, 24 hours of community service work is required. There is a mandatory minimum fine of $750.00."

The above-quoted provision indicates that the trial judge was to have sentencing discretion, and is inconsistent with the contention that the judge's sentencing options were to be limited to placing the defendant on probation and refraining from designating the offense as a felony or misdemeanor until probation was terminated.

There are also other provisions of the plea agreement, along with remarks made by a previous judge who presided at the hearing regarding whether the plea agreement should be accepted, that are totally inconsistent with the defendant's present contention that the plea agreement requires that he be given an "undesignated" status after sentencing. As indicated in the above-quoted statutory language, the only time a judge may "refrain from designating the offense as a felony or misdemeanor" at the time of sentencing is when the defendant is placed on probation. Here, both the provisions of the plea agreement and the remarks of the judge at the plea hearing indicate that it was contemplated that the defendant might, or might not, be placed on probation. The plea agreement states that probation is available, but further provides: "*If* probation is granted...." (Emphasis added.) Likewise, at the plea hearing, the defendant was told: "*If* you're placed on probation...." (Emphasis added.) These provisions of the plea agreement certainly do not support defendant's position that under the agreement the judge was *required* to place him on probation.

Without focusing on any specific language of the plea agreement, the majority finds the agreement "ambiguous" and that somehow there was a failure of the parties to have a "meeting of the minds." I see nothing in the plea agreement that makes it ambiguous, or that even remotely suggests the result reached by the majority. Much is found in the majority opinion concerning the defendant's alleged "understanding" or "misunderstanding" of the agreement, and perhaps the majority bases its finding of ambiguity upon this alleged misunderstanding rather than upon the provisions of the agreement itself. The simple answer to this approach is that the record contains no reviewable evidence as to precisely what the defendant's understanding of the plea agreement was at the time he entered into it or at the time of the plea hearing. The defendant has neither testified nor submitted any affidavit. I find it particularly revealing that there is nothing in the record concerning what defendant was told concerning the meaning of the plea agreement by the attorneys representing him at the time the plea agreement was entered into or at the time of the plea hearing. All the record shows is that at a later time, *after* the trial judge indicated his intention to immediately designate the offense a felony, an attorney who had not previously represented the defendant conferred with him and then

stated that the defendant's personal position was that under the plea agreement he was entitled to have the designation deferred.

Defendant was not without a means to establish a record in support of his position if, in fact, his position was supportable. Prior to, or pending this appeal, he could have obtained a hearing through the filing of a motion to vacate the trial court's judgment pursuant to Rule 24.2 of the Arizona Rules of Criminal Procedure. However, he failed to request such a hearing. In order to obtain relief, defendant would have to show, not only his alleged misunderstanding of the agreement, but also objective evidence that he "justifiably relied" on that alleged misunderstanding. *See, State v. Lemieux,* 137 Ariz. 143, 669 P.2d 121 (App. 1983). Another failure in the record before this court is that there is no evidence, objective or otherwise, to support a finding that, assuming that defendant actually misunderstood the agreement, he justifiably relied on that misunderstanding.[7]

In conclusion, I reject the majority's analysis finding the plea agreement ambiguous, as well as the majority's apparent determination that the record supports a finding that the defendant in fact misunderstood the agreement and that he justifiably relied on that misunderstanding. I would affirm the judgment and sentence imposed by the trial judge, allowing the defendant to utilize the provisions of Rule 32, Ariz. Rules of Crim.Proc., to establish a record which might entitle him to the relief he seeks on a barren record before this court.

Note: Judge LEVI RAY HAIRE, a retired judge of the Court of Appeals, was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 20, of the Constitution of Arizona, and A.R.S. § 38–813.

---

**7.** I decline to characterize the majority's finding of objective evidence supporting defendant's position "in the statute".