842 P.2d 617

**STATE of Arizona, Appellee,**

v.

**Raul Francisco DIAZ, Appellant.**

**No. CR–92–0169–PR.**

Supreme Court of Arizona.

Dec. 17, 1992.

Grant Woods, Atty. Gen. by Barbara M. McLaughlin and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy County Public Defender, Phoenix, for appellant.

## OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

Defendant signed a plea agreement in which he pled guilty to possession of marijuana, a class six "open-ended" offense. *See* Ariz.Rev.Stat.Ann. § 13–702(H) (A.R.S.).[1] At the time set for sentencing, the trial court designated the offense a felony, suspended imposition of sentence, and placed defendant on three years probation with one year jail time. Defendant moved to withdraw from the plea agreement, claiming that the felony designation violated its terms. The trial court denied the motion to withdraw and defendant appealed. The court of appeals reversed, holding that the trial court abused its discretion by refusing to allow defendant to withdraw his guilty plea because "the record fail[ed] to show that a 'meeting of the

---

1. A.R.S. § 13–702(H) states in relevant part:

    [I]f a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly or

    may place the defendant on probation in accordance with chapter 9 of this title and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor. The provisions of this subsection shall not apply to any person who stands convicted of a class 6 felony and who has previously been convicted of two or more felonies.

minds' of the state and defendant occurred." *State v. Diaz*, 172 Ariz. 145, 148, 835 P.2d 477, 480 (App.1992) (*citing State v. Pyeatt*, 135 Ariz. 141, 659 P.2d 1286 (App.1982)). Retired Judge Levi Ray Haire dissented from the court of appeals' opinion. *Id.* at 151, 835 P.2d at 483.

We granted the state's petition for review pursuant to Rule 31.19, Arizona Rules of Criminal Procedure, and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24. We agree with Judge Haire's dissent and affirm the trial court.

## FACTS

The complaint charged defendant with possession of marijuana, a class six felony. Defendant waived preliminary hearing and entered into a written plea agreement, which stipulated that defendant would "plead guilty to possession of marijuana, F–6 (open)," and the state would "not allege and prove prior convictions for sentence enhancement purposes." Defendant had four prior felony convictions, two of which involved the sale of drugs, and he had been sent to prison twice. The plea agreement set forth the possible sentences for a class six "open-ended" felony as follows:

> The crime carries a presumptive sentence of 1.5 years; a minimum sentence of .75 years and a maximum sentence of 1.875 years. Probation is available.... The maximum fine that can be imposed under A.R.S. 13–801 to 804 is $150,000 plus 37% surcharge. There will also be a mandatory assessment of $100 pursuant to A.R.S 13–812.

Under the portion of the plea agreement dealing with special conditions, the following handwritten provisions were inserted:

> *In the court's discretion, this offense can be designated a class one misdemeanor.* If such designation is made, the maximum sentence is 6 months in jail [and] $2500 fine [plus] 37% surcharge. *If* probation is granted, 24 hours of community service work is required. There is a mandatory minimum fine of $750.

(Emphasis added.)

The court commissioner who took the plea thoroughly explained to defendant the possible dispositions for a class six "open-ended" offense:

> THE COURT: Now, the crime of possession of marijuana, a Class 6, open-end offense *if treated as a felony* carries with it a term of imprisonment of one and a half years in the Arizona State Prison. At the time of sentencing that could be reduced to three-quarters of a year or increased to as much as 1.875 years, which is approximately 22 months. Additionally, you could also be fined up to $150,000 along with a 37 percent surcharge and there is a mandatory minimum fine of not less that $750 or three times the value of the drugs involved.

> *If this matter were treated as a misdemeanor* you could be incarcerated for up to six months in the County Jail along with a fine of $3425 and you would still have the same mandatory minimum fine.

> Do you understand everything so far?

> MR. DIAZ: Yes.

> THE COURT: Probation is available. *If you're placed on probation* it could be for as long as three years and as a term and condition of probation the Court could require you to—*if the matter were treated as a felony and you were placed on probation* the Court could require you to spend up to one full year in the County Jail as part of your probation. Were this to happen you could end up spending more time in the County Jail while on probation than you'd spend in prison for a Class 6 felony. Do you understand?

> MR. DIAZ: Yes.

> THE COURT: *If the matter were treated as a misdemeanor* and you were placed on probation the Court could require you to spend up to six months in the County Jail as part of your probation and *if you were placed on probation* you'll have to do at least 24 hours of community service.

The State has agreed not to allege or claim that you have prior felony convictions, which if proven would increase your sentencing exposure and would involve mandatory prison time; do you understand?

MR. DIAZ: Yeah.

(Emphasis added.)

Defendant told the commissioner he understood the possible sentences. The commissioner also asked defendant if "anyone promised you anything that is not in this writing in the plea agreement." Defendant said no, and neither he nor his attorney mentioned any alleged promise by the state to leave the offense undesignated and neither expressed any objection or question when the commissioner explained the sentencing options. The commissioner found "that the defendant has knowingly, intelligently and voluntarily entered a plea of guilty," and accepted the plea.

At the sentencing hearing, the trial judge (not the commissioner who had taken the plea) stated that "under the circumstances" the offense would be designated a felony. Defendant's attorney (a different attorney than was present at the change of plea) then stated that a felony designation did not comply with the terms of the plea agreement. Through this attorney, defendant then moved to withdraw from the plea agreement "because it [was] the defense position that [the offense] is not to be designated a felony." The trial judge denied the motion, stating that a guilty plea to a class six "open-ended" or "undesignated" felony "gave [defendant] the opportunity to have it left open this morning. But it says right here 'in the court's discretion.' If you wanted to guarantee him open end, then you'd have to put that in [the plea agreement.] ... I don't see any protection he has beyond today." Defendant was then placed on three years probation and required to serve one full year in the county jail as a condition.

The majority of the court of appeals reversed, holding that the trial court abused its discretion in refusing to allow defendant to withdraw from the plea agreement. The majority found "objective evidence" of de-

fendant's misunderstanding of the agreement both "in the statute and in the ambiguity of the plea agreement." *Diaz*, 172 Ariz. at 145, 835 P.2d at 480. One judge, agreeing with the trial court, dissented. *Id.* at 151, 835 P.2d at 483 (Haire, J., dissenting).

## ISSUE

Whether defendant's plea of guilty to a class six "open-ended" offense precluded the trial court from designating the offense a felony at the time originally set for sentencing.

## DISCUSSION

■ Defendant is entitled to withdraw his guilty plea if he presents substantial objective evidence in support of his claim that he mistakenly believed the terms of the plea agreement were more lenient than the sentence imposed by the trial judge. *State v. Lemieux*, 137 Ariz. 143, 146, 669 P.2d 121, 124 (App.1983). "A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, ... and in the absence of clear abuse of that discretion its ruling will not be disturbed on appeal." *State v. Valenzuela*, 98 Ariz. 189, 192, 403 P.2d 286, 287–88 (1965) (citation omitted). We disagree with the court of appeals' conclusion that the applicable statute and the plea agreement provide objective evidence that defendant misunderstood the plea agreement.

### The Statute

■ Section 13–702(H) gives a trial judge three options when sentencing a defendant for a non-repetitive, non-dangerous class six offense. The offense is a felony unless the trial judge finds that sentencing as a felony is "unduly harsh." If the trial judge does determine that felony sentencing is too harsh, the judge may designate the offense a class one misdemeanor and sentence accordingly, or grant probation and leave the offense undesignated until the conclusion of probation. *See* A.R.S. § 13–702(H); *State v. Arana*, 173 Ariz. 370, 371, 843 P.2d 652, 653 (1992).

We find nothing in the statute that supplies any objective evidence to support defendant's claim that the plea agreement eliminated the first sentencing option. The plain language of the statute confers this authority on the trial court, whether a defendant is found guilty or pleads guilty to a class six offense. Finding nothing in the statute to support defendant's argument, we turn next to the plea agreement itself.

### The Plea Agreement

The plea agreement contains no language that limits the trial court's ability to designate the offense a felony. Although plea agreements may, and sometimes do, stipulate that the offense will remain undesignated at the time of original sentencing or that the defendant will be placed on probation (subject, of course, to court approval), this one did not. The dialogue between the commissioner and defendant at the change of plea hearing clearly establishes that the plea agreement was not intended to and did not take away any of the trial court's options at the time of sentencing.

The court of appeals' decision appears to rest, in part, on the notion that if the judge's discretion to designate at sentencing was not limited by the plea agreement, then defendant "bargained for no more than an exercise of the trial judge's sound discretion," which was already required by A.R.S. § 13–702(H). *Diaz*, 172 Ariz. at 146, 835 P.2d at 481. We believe this reasoning overlooks the fact that defendant did bargain for and did receive significant concessions from the state, including its promise to "not allege and prove prior convictions for sentence enhancement purposes." But for this concession by the state, defendant would not have been eligible for open-ended consideration under A.R.S. § 13–702(H) at all and would have faced a harsher sentence as a repeat offender. *See* A.R.S. § 13–604. We therefore disagree with the court of appeals' intimation that defendant received nothing in the plea agreement which the law would not have otherwise provided.

Under A.R.S. § 13–702(H), the trial judge was free to consider "the nature and circumstances of the crime and ... the history and character of the defendant." In doing so, he found that a felony designation was not unduly harsh, and proceeded accordingly. The plea agreement did not preclude this finding. "A defendant who has received the full benefit of a plea bargain cannot be allowed to withdraw the plea merely because of disagreement with the sentence." *State v. Watton*, 164 Ariz. 323, 326, 793 P.2d 80, 83 (1990).

"A defendant must thoroughly understand the plea's potential ramifications and be apprised of both the sentencing range and the rights forfeited." *Id.; see also State v. Cutler*, 121 Ariz. 328, 329, 590 P.2d 444, 445 (1979). The commissioner who took the plea in this case meticulously complied with Rule 17.2 (court must advise defendant of waiver of constitutional rights and other consequences of pleading guilty) and Rule 17.3 (court must determine that defendant's plea is voluntary and intelligent). Here, the terms of the written plea agreement and the oral statements by the commissioner both made clear the full range of sentences the defendant faced. No substantial objective evidence established that defendant misunderstood the terms of the plea agreement. *Accord State v. Pritchett*, 27 Ariz.App. 701, 703, 558 P.2d 729, 731 (1976). The trial court was therefore not obliged to permit the defendant to withdraw from the agreement and was not precluded from designating the offense a felony at the time set for sentencing.

### DISPOSITION

The opinion of the court of appeals is vacated, and the judgment and disposition of the trial court is affirmed.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.