NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

BENJAMIN THOMAS LEININGER, *Petitioner.*

No. 1 CA-CR 15-0349 PRPC
FILED 9-12-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-136185-001
No. CR2012-103621-001
The Honorable Daniel G. Martin, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

The Law Office of Bret A. Royle, PLLC, Phoenix
By Bret A. Royle
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1        Benjamin Thomas Leininger ("Leininger") petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Leininger pled guilty to theft of means of transportation in CR2012-136185-001 and to possession of drug paraphernalia in CR2012-103621-001.  The superior court accepted the guilty pleas and sentenced Leininger in accordance with the terms of the plea agreement to a term of 6.5 years' imprisonment.

¶3        Leininger thereafter filed a timely petition for post-conviction relief, raising claims of ineffective assistance of trial counsel.  Specifically, he alleged his counsel gave him erroneous advice regarding a motion to suppress evidence and failed to properly advise him with respect to a plea offer that provided for a stipulated prison term of 3.5 years, causing him to reject that offer.  The superior court summarily dismissed the petition, ruling Leininger failed to articulate any substantial evidence of either deficient performance or prejudice.

¶4        In his petition for review, Leininger contends the superior court erred in summarily dismissing his petition for post-conviction relief without an evidentiary hearing.  We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

¶5        Summary dismissal of a petition for post-conviction relief is appropriate "[i]f the court . . . determines that no . . . claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings."  Ariz. R. Crim. P. 32.6(c).  To be entitled to an evidentiary hearing, a petitioner must present a colorable claim.  *State v. Krum*, 183 Ariz.

288, 292 (1995). A colorable claim is one that, if the allegations are true, probably would have changed the outcome. *State v. Amaral*, 239 Ariz. 217, 220, ¶ 10 (2016). In determining whether a claim is colorable, the allegations are viewed in light of the entire record. *State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983).

¶6   On review, Leininger confines his challenge to the summary dismissal of his petition to the claim that his counsel provided ineffective assistance by failing to adequately communicate the plea offer of 3.5 years. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012) (holding Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers that lapse or are rejected). To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, a court need not determine whether the other prong was satisfied. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶7   There was no abuse of discretion by the superior court in summarily dismissing the petition for post-conviction relief. The record is clear that Leininger was made aware of the offer of 3.5 years and elected to reject it. Indeed, Leininger had initially agreed to accept the plea offer, but at the change of plea hearing, Leininger informed the superior court he had reconsidered his decision. Although Leininger claimed his counsel failed to give him the necessary information for him to make an informed decision on the plea offer, Leininger offered no specifics as to what counsel told him about the plea offer, what caused him to change his mind after first agreeing to the plea offer, or what counsel failed to tell him that would have encouraged him to proceed with the plea offer. Simply claiming counsel should have done something more is insufficient to show deficient performance. *See State v. Borbon*, 146 Ariz. 392, 399-400 (1985) (holding trial court need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated claims of ineffective assistance of counsel). On this record, there was no abuse of discretion by the superior court in ruling Leininger failed to make an adequate showing of ineffective assistance of counsel entitling him to an evidentiary hearing.

¶8        We therefore grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA