NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

RACHEL JOY BROWN, *Appellee*.

No. 1 CA-CR 21-0433
FILED 9-20-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-118089-001
The Honorable Anne H. Phillips, Judge, *Pro Tempore*

**VACATED AND MODIFIED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jason Lewis
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

**¶1** The State appeals the superior court's order redesignating Rachel Brown's conviction for solicitation of organized retail theft from a class 6 designated felony to a misdemeanor, arguing the redesignation violates the parties' plea agreement. For the following reasons, we vacate and modify in part.

## FACTS AND PROCEDURAL HISTORY

**¶2** In 2018, the State charged Brown with trafficking in stolen property in the first degree, a Class 2 felony (count 1) and organized retail theft, a Class 4 felony (count 2). Brown waived her right to a preliminary hearing and entered a plea agreement in May. Brown pled guilty to two amended non-dangerous, non-repetitive offenses: facilitation of trafficking in stolen property in the first degree, a Class 6 "undesignated felony" (count 1) pursuant to Arizona Revised Statutes ("A.R.S.") § 13-604, and solicitation of organized retail theft, labeled as a Class 6 "designated felony" (count 2), without reference or citation to A.R.S. § 13-604.

**¶3** The first paragraph of the plea's "terms and conditions" outlined the punishment for the offenses and contained the following language as to count 2, with emphasis as it appears in the original:

> **Pursuant to A.R.S. 13-604(A), the offense in Count 2 shall be treated as a felony for all purposes until such time as the Court may actually enter an order designating the offense a misdemeanor. If this offense were designated a misdemeanor, Defendant could receive a maximum of 6 months in jail and a maximum fine of $2,500 plus the statutory surcharge.**

¶4        In the second paragraph, the parties stipulated to "additional terms, subject to court approval at the time of sentencing," which included notation that Brown be placed on supervised probation and that count 1, solely, could not be designated as a misdemeanor unless and until Brown successfully completed all probation terms.

¶5        The court accepted the parties' entrance into the plea, and the court's minute entry reflected (1) count 1 as an undesignated felony and listing, among other statutes, A.R.S. § 13-604 thereunder and (2) count 2 as a designated felony, again without reference to A.R.S. § 13-604. Thereafter, the court held a sentencing hearing in July. The court's sentencing order adjudicated Brown guilty of the amended offenses, suspended imposition of sentence, and placed her on probation for three years for both counts. As part of Brown's probation terms, specifically outlined in Condition 22, the court ordered that count 1 could "not be designated a misdemeanor unless and until [Brown] successfully complete[d] probation." Such language was not included as part of Condition 22 for count 2. Brown did not appeal from the sentence imposed.

¶6        In September 2021, the court discharged Brown from probation and ordered that both counts be designated as misdemeanors. The parties do not dispute on appeal that Brown successfully completed probation, as found by the court. The State filed a motion to reconsider the court's redesignation of count 2 as a misdemeanor, arguing that doing so was prohibited, given Brown had already pled guilty "to a designated felony" and the plea agreement otherwise prohibited redesignation. The court denied the State's motion, explaining A.R.S. § 13-604(A) and "paragraph one (underlined portion)," *see supra* ¶ 3, permitted such action. The State timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4032(5).

## DISCUSSION

¶7        We review the court's order, which was based on its interpretation of the parties' plea agreement and a statute, de novo. *See Mejia v. Irwin*, 195 Ariz. 270, 272 ¶ 12 (App. 1999); *State v. Cowles*, 207 Ariz. 8, 9 ¶ 3 (App. 2004).

¶8        The State contends the structure and details of the plea agreement illustrate that inclusion of the at-issue provision—permitting count 2 to be redesignated a misdemeanor, *see supra* ¶ 3—was not the intention of the parties but rather clear "error in drafting" and thus a mutual mistake of fact. Brown argues to the contrary, adding the plea

agreement contains, at best, conflicting provisions, which should be held against the State as the contract drafter. We need not, however, resolve these arguments. The sentencing order, which Brown did not timely challenge, makes clear that count 1 only—a class 6 undesignated felony—could be designated a misdemeanor if Brown successfully completed probation. *See* Ariz. R. Crim. P. 32.4(b)(3)(A) (defendant has 90 days from the oral pronouncement of sentence to file a notice of claim for post-conviction relief).

¶9         The court accepted the plea agreement in May 2018. But the parties stipulated to "additional terms, subject to court approval *at the time of sentencing*," which included notation that Brown be placed on supervised probation for both counts and that count 1 could not be designated as a misdemeanor unless and until Brown successfully completed all probation terms. (Emphasis added.) *See* Ariz. R. Crim. P. 17.4(a)(1) ("The parties may negotiate and reach agreement on any aspect of a case."). Acceptance of such a stipulation is reflected in the court's sentencing order, outlining the precise terms of Browns' probation. For count 1, Condition 22, the court ordered this offense could "not be designated a misdemeanor unless and until [Brown] successfully complete[d] probation." Such language is notably absent from the court's order as to count 2.

¶10         The court's sentencing order listed count 2 as a designated felony, with no qualifying language or terms. And following the court's imposition of sentence, Brown never challenged the language in the court's sentencing order. It is too late to do so now. *See* Ariz. R. Crim. P. 32.4(b)(3)(A). Further, no statute grants the court discretion or authority to redesignate a count that has already been designated a felony in derogation of a final sentencing order. *See State v. Diaz*, 173 Ariz. 270, 272 (1992) (explaining "three options" are available to the superior court under the predecessor statute to A.R.S. § 13-604(A) when sentencing a defendant for a non-dangerous class 6 felony, which are permitting the court to: (1) designate the offense a felony at sentencing, (2) designate the offense a misdemeanor if the court finds sentencing the defendant for a felony would be unduly harsh, or (3) "leave the offense undesignated," place the defendant on probation, and designate the offense as either a felony or misdemeanor after probation is completed).

**¶11**        We therefore conclude the superior court exceeded its legal authority in redesignating count 2 a misdemeanor. We vacate the portion of the court's order redesignating count 2 from a class 6 designated felony to a misdemeanor. The remainder of the court's order is otherwise affirmed.

## CONCLUSION

**¶12**        For the foregoing reasons, we vacate and modify in part as explained herein.



AMY M. WOOD • Clerk of the Court
FILED:    AA