NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BULMARO SOTO-PORTILLO, *Petitioner*.

No. 1 CA-CR 14-0476 PRPC
FILED 8-9-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2010-127952-002
The Honorable Roger E. Brodman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Bulmaro Soto-Portillo, Tucson
*Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Randall M. Howe and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

**¶1** Bulmaro Soto-Portillo petitions for review of the superior court's summary dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. We have considered his petition for review and, for the reasons stated, grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2** A jury convicted Soto-Portillo of six counts of kidnapping and one count each of armed robbery, aggravated assault, burglary in the first degree, and theft of means of transportation. The superior court sentenced him to concurrent and consecutive aggravated prison terms totaling 27.5 years. This court affirmed the convictions and sentences on appeal. *State v. Soto-Portillo*, 1 CA-CR 11-0493, 2012 WL 6599808 (Ariz. App. Dec. 18, 2012) (mem. decision).

**¶3** Soto-Portillo filed a notice of post-conviction relief, and the superior court appointed counsel to represent him. After counsel filed a notice of completion of review stating she was unable to find any issues to raise, Soto-Portillo filed a *pro se* petition alleging claims of ineffective assistance of trial counsel. The superior court summarily dismissed the petition, ruling Soto-Portillo failed to state a colorable claim for relief. This petition for review followed. We have jurisdiction pursuant to Arizona Revised Statutes section 12-120.21(A)(1) (2016) and Arizona Rule of Criminal Procedure 32.9(c).

## DISCUSSION

**¶4** On review, Soto-Portillo argues the superior court erred in ruling he failed to state a colorable claim of ineffective assistance of counsel. We review the summary dismissal of a post-conviction relief proceeding for an abuse of discretion. *See State v. Kolman*, 239 Ariz. 157, 161, ¶ 9 (2016). We may affirm the ruling "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

¶5 To obtain relief on a claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance fell below objectively reasonable standards, and (2) the deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). A court need not address both prongs of an ineffective assistance claim if a defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697; *see also State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006).

¶6 In considering the matter of counsel's performance, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Bennett*, 213 Ariz. at 567, ¶ 22. Thus, although a defendant is not required to establish proof by a preponderance through his petition alone, in order to state a colorable claim, he "must raise some factors that demonstrate that the attorney's representation fell below the prevailing objective standards." *State v. Borbon*, 146 Ariz. 392, 399-400 (1985). Accordingly, to state a colorable claim, the petitioner "must provide specific factual allegations that, if true, would entitle him to relief." *State v. Donald*, 198 Ariz. 406, 413, ¶ 17 (App. 2000). The allegations should be supported by sworn statements "or provide a satisfactory explanation of their absence." *Id.*

¶7 Soto-Portillo advances two claims of ineffective assistance of counsel with respect to his rejection of a plea offer.[1] First, he contends his counsel was ineffective by failing to advise him, as a Mexican National, of his right to consular assistance from the Mexican consulate under Article 36 of the Vienna Convention. According to Soto-Portillo, the Mexican consulate would have advised him correctly on the advantages of entering

---

[1] Soto-Portillo raises a third argument — that he did not "intelligently" reject the plea offer — for the first time in his petition for review. Because that issue was not considered or decided by the superior court, we need not and do not address it. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii) (stating petition for review shall contain "issues *which were decided by the trial court* and which the defendant wishes to present to the appellate court for review") (emphasis added); *see also State v. Vera*, 235 Ariz. 571, 573, ¶ 8 (App. 2014) ("[W]e ordinarily do not consider issues on review that have not been considered and decided by the trial court; this is particularly true when we are reviewing a court's decision to grant or deny post-conviction relief under Rule 32.").

a plea. Soto-Portillo, however, provides no evidence or authority that he was entitled to assistance from the consulate or that the consulate would actually respond to any notification of his situation. *See State v. Sanchez-Llamas*, 108 P.3d 573, 578 (Or. 2005) ("Article 36 of the [Vienna Convention] does not create rights to consular access or notification that are enforceable by detained individuals in a judicial proceeding."), *aff'd*, *Sanchez-Llamas v. Oregon*, 548 U.S. 331 (2006). Thus, these allegations are insufficient to state a colorable claim.

¶8          Second, Soto-Portillo contends his counsel provided ineffective assistance by not fully informing him of the charges against him during plea negotiations. Specifically, Soto-Portillo states in an affidavit submitted in support of the petition for post-conviction relief that his counsel failed to give him a "legal definition" of kidnapping and that this failure "altered" his decision on the plea offer. However, Soto-Portillo does not claim his counsel did not adequately explain the elements of the offenses in some manner. Nor does he claim he did not understand what his counsel told him regarding the plea offer or the charged offenses, that counsel did not adequately discuss the plea offer or the advantages of the plea offer, or that he had any questions about the plea offer or charges that were not answered by his counsel. *See Strickland*, 466 U.S. at 691 (noting the reasonableness of counsel's actions may be "determined or substantially influenced by" the information supplied by the defendant). Additionally, Soto-Portillo was questioned regarding his understanding of the plea offer at a hearing held pursuant to *State v. Donald*, 198 Ariz. 406 (App. 2000), in which he stated he had no questions for either the court or counsel. The court is entitled to rely upon representations made by the defendant regarding his understanding of and willingness to enter a plea agreement. *See State v. Hamilton*, 142 Ariz. 91, 92-93 (1984). Considering the entirety of the record, the superior court did not abuse its discretion in finding Soto-Portillo failed to state a colorable claim of ineffective assistance with respect to his plea negotiations. *State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983) (considering the entire record when determining whether the defendant could establish counsel was ineffective).

¶9          Soto-Portillo also argues his counsel provided ineffective assistance at trial by failing to object to juror questions. The jury is expressly authorized by Arizona Rule of Criminal Procedure 18.6(e) to ask questions of witnesses. Therefore, counsel's failure to object cannot constitute deficient performance. Moreover, even if the practice of juror questions was objectionable, Soto-Portillo has failed to show how he was prejudiced by any of the questions asked.

## CONCLUSION

¶10 We grant review of Soto-Portillo's petition for review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA