NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LOIS KAY CLOUD, *Petitioner.*

No. 1 CA-CR 16-0217 PRPC
FILED 8-8-2017

Petition for Review from the Superior Court in Yuma County
No. S1400CR200300438
The Honorable Lawrence C. Kenworthy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yuma County Attorney's Office, Yuma
By Jon R. Smith
*Counsel for Respondent*

Law Offices of Mary Elizabeth Perez, San Diego, CA
By Mary E. Perez
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1**      Lois Kay Cloud petitions for review of the dismissal of her petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**      A jury convicted Cloud of first degree murder, conspiracy to commit first degree murder, solicitation to commit first degree murder, and facilitation to commit first degree murder. The superior court sentenced her to concurrent prison terms of natural life on the murder conviction, statutory life on the conspiracy conviction, seven years on the solicitation conviction, and two years on the facilitation conviction. This court affirmed the convictions and sentences on appeal. *State v. Cloud*, 1 CA-CR 10-0840, 2014 WL 645185 (Ariz. App. Feb. 18, 2014) (mem. decision).

**¶3**      Cloud filed a timely petition for post-conviction relief, raising claims of actual innocence, illegal sentence, and ineffective assistance of appellate counsel. The superior court summarily dismissed the petition, ruling Cloud failed to present a colorable claim for relief. This petition for review followed.

**¶4**      On review, Cloud argues the superior court erred by summarily dismissing her petition without holding an evidentiary hearing on her claims. We review the summary dismissal of a post-conviction relief proceeding for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). We may affirm the superior court's ruling "on any basis supported by the record." *State v. Robinson*, 153 Ariz. 191, 199 (1987).

**¶5**      Summary dismissal of a petition for post-conviction relief is appropriate "[i]f the court . . . determines that no . . . claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings." Ariz. R. Crim. P. 32.6(c). To be entitled to an evidentiary hearing, a petitioner must present a colorable claim. *State v. Krum*, 183 Ariz. 288, 292 (1995). A colorable claim is one that, if the allegations are true,

would probably have changed the outcome. *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016). In determining whether a claim is colorable, the allegations are viewed in the light of the entire record. *State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983).

**¶6** The superior court did not err by summarily dismissing the petition for post-conviction relief. The actual innocence claim is the same claim that was raised and rejected by this court on direct appeal. *Cloud*, 2014 WL 645185 at *12–13, ¶¶ 46–50. Because Cloud failed to offer anything new to her claim of actual innocence in her petition for post-conviction relief, the same analysis of the evidence that resulted in rejection of this claim on appeal supports the superior court's ruling that Cloud failed to state a colorable claim of actual innocence. *See* Ariz. R. Crim. P. 32.2(a)(2) ("A defendant shall be precluded from relief under this rule based upon any ground finally adjudicated on the merits on appeal . . . .").

**¶7** Likewise, the superior court did nor err by denying relief on the claim of illegal sentence. "Though the state has the burden to plead and prove grounds of preclusion, any court on review of the record may determine and hold an issue is precluded regardless of whether the state raises preclusion." Ariz. R. Crim. P. 32.2(c). The illegal sentence claim is precluded because it was waived by the failure to raise it on direct appeal. Ariz. R. Crim. P. 32.2(a)(3); *see also State v. Herrera*, 183 Ariz. 642, 647 (App. 1995) (holding appellate counsel's waiver of issues on appeal binds the defendant, "and those waived issues cannot be resurrected in post-conviction proceeding").

**¶8** Finally, the superior court did not abuse its discretion by ruling Cloud failed to state a colorable claim of ineffective assistance of appellate counsel. To state such a colorable claim, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the prejudice prong of this test, the defendant must show to a reasonable probability that, but for counsel's deficient acts or omissions, the outcome of the case would have been different. *State v. Schurz*, 176 Ariz. 46, 58 (1993). Thus, for a claim of ineffective assistance of appellate counsel there must be a showing that the outcome of the appeal would have been different. *Herrera*, 183 Ariz. at 647.

**¶9** Cloud argues her appellate counsel was ineffective for failing to argue prejudice in regards to the claim raised on appeal that the conviction violated her right to a speedy trial. Specifically, she contends her appellate counsel should have argued that she was prejudiced by the time

it took to bring her case to trial due to her failing health. Cloud contends that her health had deteriorated to the extent that she could not participate in her own trial. Prejudice, however, is only one of four factors an appellate court considers in assessing whether the right to a speedy trial has been violated. *See State v. Henry*, 176 Ariz. 569, 578–79 (1993). As this court noted on appeal, Cloud played a significant role in her trial's delay. *Cloud*, 2014 WL 645185 at *3, ¶ 12. On this record, the superior court could reasonably find that Cloud was not prejudiced by appellate counsel's presentation of this issue because nothing her counsel could have argued would have changed the outcome on appeal. This is particularly true given this court's holding on appeal that Cloud "was able to fully participate despite her vision and hearing problems." *Id.* at *6, ¶ 27.

**¶10**        Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4