NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

YSIDRO JUAN VALDEZ, *Petitioner*.

No. 1 CA-CR 16-0027 PRPC

FILED 8-10-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-116709-001 DT
The Honorable Karen L. O'Connor, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Ysidro Juan Valdez, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia K. Norris[1] joined.

---

**C A M P B E L L,** Judge:

¶1        Ysidro Juan Valdez petitions for review of the summary dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Valdez pled guilty to one count of sexual assault, a class 2 felony, and two counts of attempted sexual assault, each a class 3 felony. The trial court sentenced Valdez to an aggravated 14-year prison term on the sexual assault count, and on the attempted sexual assault counts suspended the imposition of sentence and placed Valdez on lifetime probation.

¶3        Valdez filed a timely proceeding for post-conviction relief. After appointed counsel notified the trial court that she found no basis for post-conviction relief, Valdez filed a *pro se* petition for post-conviction relief, alleging claims of: ineffective assistance of counsel, couched in the terms of newly discovered DNA evidence and his involuntary entry of a plea agreement; disclosure violations; and an illegally imposed aggravated sentence.

¶4        On review, Valdez argues the trial court erred in denying his petition. We review a trial court's denial of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). Summary dismissal is appropriate "[i]f the court . . . determines that no . . . claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings." Ariz. R. Crim. P. 32.6(c). A colorable claim is one that, if the allegations are true, would "probably" have changed the verdict

---

[1]        The Honorable Patricia K. Norris, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

or sentence. *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016). In determining whether a claim is colorable, we consider the allegations in light of the entire record. *See State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983). The trial court did not err in summarily dismissing Valdez's petition for post-conviction relief.

**¶5**　　　　The trial court did not abuse its discretion in concluding Valdez had failed to state a colorable claim of ineffective assistance of counsel. To state a colorable claim of ineffective assistance of counsel, a defendant must show counsel's performance fell below objectively reasonable standards and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

**¶6**　　　　The record does not support the claim that defense counsel failed to evaluate the DNA evidence. The record reflects Valdez's DNA was found inside the condom recovered *from the victim* following the sexual assault. Both his counsel and the prosecutor reviewed this fact at the change of plea hearing. Valdez misstates the record by arguing the test results showed that the victim's DNA was not on the condom, and thus, he had a defense to the sexual assault charges. The lab reports stated that the victim cannot be excluded as a contributor to the mixed profile non-sperm fraction obtained from the condom.[2] Thus, contrary to Valdez's contention, the DNA test results do not constitute exculpatory evidence. Valdez failed to present a colorable claim of ineffective assistance of counsel with respect to the DNA test results.

**¶7**　　　　Further, he argues that trial counsel did not honor his request to withdraw from the plea. The record contains no support for Valdez's assertion he asked to withdraw from the plea before being sentenced. Indeed, at the sentencing hearing, Valdez told the trial court he was willing to accept the consequences of his actions. Additionally, the record contains no evidence supporting any grounds that would entitle Valdez to withdraw from the plea. *State v. Pandeli*, 242 Ariz. 175, __, ¶ 33 (2017) ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel.") (citation omitted). Thus, the trial court did not abuse its

---

[2]　　　"A mixed profile of at least *two* contributors, at least one of whom is male, was obtained from the non-sperm fraction from swabs from 'inside as received' of condom 01.2. Victim [] cannot be excluded as a contributor to the mixed profile obtained from the non-sperm fraction from swabs from 'inside as received' condom 01.2." (Emphasis added.)

discretion in finding Valdez failed to state a colorable claim of ineffective assistance of counsel.

**¶8**        Because the ineffective assistance of counsel claims are without merit, Valdez's claim of involuntary plea predicated on those claims also necessarily fails. There is likewise no merit to the claim that his plea was involuntary due to promises made by his counsel regarding the outcome at sentencing. The record of the change of plea hearing reflects that the trial court fully informed Valdez of the pertinent facts regarding the plea agreement and that Valdez knowingly and voluntarily agreed to plead guilty pursuant to its terms. Indeed, the trial court  specifically asked Valdez whether anyone had promised him that he would receive less than 14 years, and Valdez answered "no." The trial court also asked Valdez whether anyone had made any threats or used any force to get him to plead guilty, to which he also responded "no." All claims regarding threats or promises inducing a guilty plea are foreclosed by the trial court's questioning pursuant to *Boykin v. Alabama*, 395 U.S. 238 (1969), and Valdez's responses at the change of plea hearing. *See State v. Hamilton*, 142 Ariz. 91, 93 (1984) ("A defendant must not tell the judge that his plea is entered into voluntarily if it is not.").

**¶9**        Valdez believes that the State had an obligation to produce the victim at sentencing or to disclose her unavailability for sentencing. He tries to equate this lack of "disclosure" to a *Brady* violation. *Brady v. Maryland*, 83 S.Ct. 1194 (1963). Valdez misunderstands *Brady* and misunderstands the State's obligations following a plea of guilty. *Id*. at 1196-97 (suppression by prosecution of evidence favorable to an accused upon request violates due process when evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of prosecution).

**¶10**        Here, the State did not withhold any exculpatory evidence.[3] At the change of plea hearing the State indicated the victim was available and provided an outline of her anticipated testimony should the case proceed to trial. Additionally, had Valdez chosen to proceed to trial, the State *could* have produced the victim at trial. The State had no obligation to disclose if the victim would attend the sentencing hearing.

**¶11**        Valdez is likewise not entitled to relief on his claim of illegal sentence.  In his plea agreement Valdez specifically agreed that the trial

---

[3]        Valdez further argues that a *Brady* violation occurred because the State withheld exculpatory DNA evidence. We reject this argument. *See supra* ¶ 6.

court could find any aggravating circumstances by a preponderance of the evidence, without being bound by the rules of evidence. By the terms of the plea agreement, Valdez waived any defects or errors in the entry of judgment and the "imposition of a sentence upon [him] consistent with [the] agreement." He thus waived his rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296, 310 (2004) (under *Apprendi* statutory maximum is sentence a judge may impose solely on basis of facts found by jury or admitted by defendant; defendant who pleads guilty waives *Apprendi* rights so long as defendant stipulates to the relevant facts or consents to judicial fact finding).

**¶12**       Here, the plea agreement expressly provided for imposition of a sentence on the sexual assault count between 5.25 and 14 years. This fact was fully explained to Valdez by the trial court and Valdez acknowledged his agreement to that sentencing range at the change of plea hearing. Moreover, the trial court imposed an aggravated sentence on this count based on facts—the victim's age and her emotional pain—that Valdez acknowledged at that hearing. Given these circumstances, the court did not impose an illegal sentence under either the plea agreement or *Blakely*.

**¶13**       Finally, Valdez also asserts a claim of actual innocence in his petition for review. We have not addressed this claim because Valdez did not raise it in his petition for post-conviction relief. A petition for review may not raise issues not first presented to the trial court in the petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring petition for review to contain "issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"). Nor may a petitioner attempt to supplement his petition for post-conviction relief by adding claims in additional filings after a ruling on the petition. *See State v. Ramirez*, 126 Ariz. 464, 468 (1980) (amendment to pleadings only permitted prior to trial court's ruling dismissing petition).

**¶14**       Accordingly, we grant review, but deny relief.

