NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DENNIS EDWARD DWYER, *Petitioner*.

No. 1 CA-CR 15-0858 PRPC
FILED 9-14-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2007-174789-001
The Honorable Christopher T. Whitten, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

The Hopkins Law Office PC, Tucson
By Cedric Martin Hopkins
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**S W A N N,** Judge:

¶1 In 2009, a jury convicted Dwyer of burglary in the second degree and aggravated assault, and the court sentenced him as a repetitive offender to concurrent, aggravated fifteen-year prison terms. We affirmed the convictions and sentences on appeal. *State v. Dwyer*, 1 CA-CR 11-0684 (Ariz. App. Feb. 28, 2013) (mem. decision).

¶2 Dwyer timely filed a petition for post-conviction relief, raising claims of ineffective assistance of trial counsel. Specifically, he alleged that trial counsel provided ineffective assistance by failing to communicate with him, failing to properly investigate potential defenses, failing to interview potential witnesses and cross-examine all witnesses at trial, failing to give an opening statement, failing to provide meaningful argument to support his motion for judgment of acquittal, failing to provide meaningful argument in the aggravation phase, failing to provide meaningful argument at sentencing, and using illegal substances during trial. The superior court summarily dismissed the petition, ruling that Dwyer failed to make a showing of either deficient performance or resulting prejudice.

¶3 Dwyer now seeks review by this court. We grant review and, for the reasons set forth below, we deny relief.

¶4 We review the superior court's decision to summarily dismiss Dwyer's petition for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). Summary dismissal of a petition for post-conviction relief is appropriate "[i]f the court . . . determines that no . . . claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings." Ariz. R. Crim. P. 32.6(c). To be entitled to an evidentiary hearing, a petitioner must present a colorable claim. *State v. Krum*, 183 Ariz. 288, 292 (1995). In determining whether a claim is colorable, the allegations are viewed in view of the entire record. *See State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983).

**¶5**   To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If the defendant fails to make a sufficient showing on either prong of the *Strickland* test, the court need not determine whether the other prong was satisfied. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

**¶6**   We conclude that Dwyer has made no specific showing that would satisfy the prejudice prong of the *Strickland* test for ineffective assistance of counsel, and we therefore hold that the superior court acted within its discretion by summarily dismissing his petition for post-conviction relief. Though Dwyer alleged various failures on the part of his trial counsel, he made no showing that those failures had an adverse effect on the outcome of his trial or sentencing in view of the evidence presented at trial and sentencing. And though, as the superior court acknowledged, Dwyer presented evidence "from which it can be fairly inferred that his trial counsel was using drugs and/or alcohol during the general time of [Dwyer]'s trial," drug and alcohol abuse during trial, "standing alone, does not establish a per se violation of a criminal defendant's right to receive effective assistance of counsel." *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988). Contrary to Dwyer's contentions, the record does not support a conclusion that counsel was impaired during trial to the point of causing presumptive prejudice by being simply a "neutral observer of the trial." *See State v. Nash*, 143 Ariz. 392, 399 (1985).



AMY M. WOOD • Clerk of the Court
FILED: AA