NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MARION TRUMAN LOVELIS, *Petitioner*.

No. 1 CA-CR 20-0561 PRPC
FILED 7-13-2021

Petition for Review from the Superior Court in Maricopa County
No.  CR2016-131260
The Honorable Ronee Korbin Steiner, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Sherick & Bleier PLLC, Tucson
By Adam N. Bleier, Steven P. Sherick
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1        Marion Truman Lovelis petitions this court for review from the superior court's denial of his petition for post-conviction relief. For the following reasons, we grant review but deny relief.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        In June 2016, Lovelis's wife contacted police after returning home and finding Lovelis on top of a nude minor. The State charged Lovelis with child molestation, sexual conduct with a minor, and sexual abuse.

¶3        During a settlement conference, the State informed Lovelis that it conducted DNA testing on the victim's underwear. The test revealed the presence of acid phosphatase—a constituent of semen—with a DNA profile matching Lovelis. But the underwear contained no sperm.

¶4        Lovelis maintained his innocence throughout the settlement conference. The judge emphasized to Lovelis that "[Lovelis's] sperm was found in [the victim's] underwear." Lovelis responded that he was unaware of any sperm evidence, prompting the prosecutor to search her files. The prosecutor retrieved the report revealing acid phosphatase in the victim's underwear and Lovelis acknowledged his familiarity with the report. The judge referred to the acid phosphatase evidence as "sperm" again, later in the conference.

¶5        Lovelis pled guilty to attempted molestation of a child, attempted sexual conduct with a minor, and sexual abuse. The superior court sentenced Lovelis to the presumptive term of ten years' imprisonment on the attempted molestation count, followed by lifetime probation on the other counts.

¶6        Lovelis petitioned for post-conviction relief. He argued he involuntarily pled guilty because the State misrepresented the evidence against him and that his attorney provided ineffective assistance by perpetuating the misrepresentation.

¶7         The superior court held an evidentiary hearing on Lovelis's petition. Lovelis testified he learned of the sperm evidence for the first time at the settlement conference and that he pled guilty because of the purported sperm evidence. Lovelis's attorney testified that even without sperm evidence linking Lovelis to the crimes, he doubted Lovelis would succeed at trial given Lovelis's wife's testimony.

¶8         The superior court denied Lovelis's petition for post-conviction relief, and this petition for review followed. We have jurisdiction under A.R.S. § 13-4239(C) and Ariz. R. Crim. P. 33.16.

## DISCUSSION

¶9         Lovelis argues he involuntarily pled guilty because the State misrepresented the evidence against him and that his attorney provided ineffective assistance by perpetuating the misrepresentation. Absent an abuse of discretion, we will not disturb the superior court's denial of post-conviction relief. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016).

## I.         Invalid Plea

¶10         Lovelis first argues the references to sperm evidence amounted to a factual misrepresentation that induced him to plead guilty. A plea induced by misrepresentation is invalid. *See Brady v. United States*, 397 U.S. 742, 755 (1970). But to obtain relief on that basis, Lovelis must present "substantial objective evidence" that his "mistaken subjective impression[]" was "reasonably justified." *See State v. Pritchett*, 27 Ariz. App. 701, 703 (App. 1976).

¶11         Lovelis fails to explain how any reliance he placed on the nonexistent sperm evidence was justified. During the settlement conference, the State and Lovelis's counsel confirmed that no DNA evidence existed other than the positive test for acid phosphatase. Lovelis proclaimed he understood, and the conference proceeded. It is unreasonable for Lovelis to now claim that he relied on nonexistent sperm evidence when deciding to plead guilty.

## II.         Ineffective Assistance of Counsel

¶12         Lovelis next contends the superior court erred in rejecting his ineffective assistance of counsel claim. Lovelis argues his attorney misled him to believe the State possessed sperm evidence.

¶13        To succeed on a "claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). We need not address both deficient performance and prejudice "if the defendant makes an insufficient showing on one." *State v. Pandeli*, 242 Ariz. 175, 181, ¶ 6 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

¶14        Lovelis fails to articulate with any particularity how his counsel misled him to believe the State possessed sperm evidence. As discussed above, Lovelis's counsel expressly confirmed with the prosecutor—in front of Lovelis—that no DNA evidence existed other than the positive test for acid phosphatase. The superior court acted within its discretion in rejecting Lovelis's ineffective assistance of counsel claim.

## CONCLUSION

¶15        We grant review but deny relief.

