NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSEPH EDWARD COLI, JR., *Petitioner*.

No. 1 CA-CR 24-0094 PRPC

FILED 09-26-2024

Petition for Review from the Superior Court in Mohave County
No. S8015CR202201039
The Honorable Derek C. Carlisle, Judge

**REVIEW GRANTED; REMANDED**

COUNSEL

Mohave County Attorney's Office, Kingman
By James M. Schoppmann
*Counsel for Respondent*

Aspey Watkins & Diesel, PLLC, Flagstaff
By Michael J. Wozniak
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

---

**B A I L E Y**, Judge:

¶1        Petitioner, Joseph Edward Coli, Jr., petitions this court for review from the dismissal of his petition for post-conviction relief. For the following reasons, we grant review and remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2        After pointing a firearm at the victim, Coli was charged by information with two dangerous felonies: aggravated assault and disorderly conduct with a weapon. The State offered a plea agreement to disorderly conduct with a weapon, as a non-dangerous, designated class 6 felony. The State indicated that it would recommend supervised probation should Coli accept the plea. Despite facing mandatory prison if convicted at trial, Coli rejected the offer.

¶3        In May 2023, trial commenced. The court granted the State's motion to dismiss without prejudice the disorderly conduct with a weapon charge. Then, the victim, several witnesses, and law enforcement officers testified. Coli also testified. Claiming self-defense, Coli told the jury he pointed his firearm at the victim because he feared for his life. The jury found Coli guilty of aggravated assault, a class 3 dangerous felony. The superior court sentenced Coli to the minimum term of 5 years in prison. On appeal, counsel found no non-frivolous issues to raise, and this court granted Coli's motion to dismiss the appeal.

¶4        Coli then filed a timely notice and petition for post-conviction relief, claiming ineffective assistance of counsel. *See* Ariz. R. Crim. P. 32.1(a). Unaware that the Arizona Supreme Court had abolished preemptory strikes in January 2022, Coli's trial counsel had advised Coli that preemptory strikes would be available during his May 2023 trial to aid him in picking a self-defense-friendly jury. Coli avowed that he chose trial over the plea offer based on this advice. The superior court summarily

dismissed the petition, finding that Coli failed to show prejudice because he received a fair jury and a fair trial. Coli petitions this court for review.

## DISCUSSION

**¶5**     We review the superior court's summary dismissal of a petition for an abuse of discretion. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). This occurs when the superior court "makes an error of law or fails to adequately investigate the facts necessary to support its decision." *Id.* (citations omitted). A petitioner is entitled to a hearing if he presents a colorable claim. *State v. Lemieux*, 137 Ariz. 143, 147 (App. 1983); *see also* Ariz. R. Crim. P. 32.13. Thus, "[s]ummary dismissal is inappropriate when the petition presents a colorable claim[, which is] one that has the appearance of validity; that is, if the allegations were taken to be true, the petitioner would be entitled to relief." *State v. Wagstaff*, 161 Ariz. 66, 71-72 (App. 1988) (citation omitted), *approved but modified in part*, 164 Ariz. 485, 493 (1990).

**¶6**     On review, Coli again claims that he received ineffective assistance of counsel. To prevail, Coli must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Because Coli alleges counsel was ineffective during plea negotiations, Coli must show that counsel gave erroneous advice and that absent counsel's deficient advice, there was a reasonable probability that Coli would have accepted the plea offer and declined to go to trial. *State v. Donald*, 198 Ariz. 406, 413-14, ¶¶ 16, 20 (App. 2000) (citations omitted). Neither party disputes that counsel gave erroneous advice about the availability of preemptory strikes. The sole issue before us is whether there was prejudice.

**¶7**     Coli avows that he would have accepted the State's plea offer had he known preemptory strikes could not be used to obtain a self-defense-friendly jury. Coli attaches an affidavit from trial counsel stating that he advised Coli that his input would be valuable in using strikes during voir dire. The superior court rejected this claim because Coli did not say that "he would have used a preemptory strike on any particular juror. . . . [Coli] was entitled to a fair jury and received one." This was error.

**¶8**     The Sixth Amendment guarantees a defendant effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Deficient performance during plea bargaining is *not* wiped clean by a fair trial. *Id.* at 169; *Donald*, 198 Ariz. at 412, ¶ 13; *United States v. Day*, 969 F.2d 39, 45 (3rd Cir. 1992) ("[T]he Sixth Amendment right to effective

assistance of counsel guarantees more than the Fifth Amendment right to a fair trial."). By focusing on how preemptory strikes could have changed the outcome at trial rather than how counsel's advice affected Coli's decision to go to trial, the superior court abused its discretion.

¶9 The correct legal standard for establishing prejudice is not whether Coli received a fair jury, but "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To be colorable, the claim "must consist of more than conclusory assertions and be supported by more than regret." *Donald*, 198 Ariz. at 414, ¶ 21. But a defendant may "inferentially" show prejudice in such circumstances by demonstrating he received a substantially longer or harsher sentence after trial, or that compared to the benefits of the plea, it was an unreasonable risk to go to trial. *Id.* Coli meets this initial burden.

¶10 We note that the State provided a second affidavit from Coli's trial counsel avowing Coli was "adamant" about raising a self-defense justification in front of a jury. In counsel's opinion, Coli rejected the plea to preserve his gun rights. Such factual disputes should be resolved by the superior court after an evidentiary hearing. *See* Ariz. R. Crim. P. 32.13(a) ("The defendant is entitled to a hearing to determine issues of material fact . . . ."); *State v. Schrock*, 149 Ariz. 433, 441 (1986) ("When such doubts exist, a hearing should be held to allow the defendant to raise the relevant issues, to resolve the matter, and to make a record for review." (citation omitted)), *criticized on other grounds by State v. Amaral*, 239 Ariz. 217, 220, ¶ 10 (2016).

## CONCLUSION

¶11 Coli's petition states a colorable claim of ineffective assistance of counsel by alleging facts that, if true, would entitle him to relief. The superior court abused its discretion in summarily dismissing Coli's petition. Accordingly, we grant review and remand to the superior court for a hearing on the merits of Coli's ineffective assistance of counsel claim.

